Minute Order Form (06/97)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1032 | **DATE** | 11/6/2001 |
| **CASE TITLE** | David & Julia Strohmaier vs. Yemm Chevrolet et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant Yemm's motion to dismiss plaintiffs' second amended complaint is granted in part and the claims in par. 41(b) of count III and pars. 59(b) and 59(g) of count V are dismissed without prejudice. Yemm's motion to dismiss all other claims against it is denied. Status hearing set for November 27, 2001 at 9:45am.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | NOV - 7 2001 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 33 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| WAH | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID and JULIA STROHMAIER, | ) | |
| | ) | |
| Plaintiffs, | ) | NOV - 7 2001 |
| | ) | |
| vs. | ) | No. 01 C 1032 |
| | ) | |
| YEMM CHEVROLET, and GENERAL | ) | |
| MOTORS ACCEPTANCE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs David and Julia Strohmaier brought suit against defendant Yemm Chevrolet ("Yemm") for its alleged violations of the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") (Counts I, II, and IV), the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA") (Counts III, V), the Illinois Commercial Code for Fraud 810 ILCS 5/1-101, *et seq.* (Count VI), and the Illinois Credit Services Organizations Act, 815 ILCS 605/1, *et seq.* ("CSOA") (Count VII). Additionally, plaintiffs charge Yemm under a theory of common law fraud (Count X).

Plaintiffs have also sued defendant General Motors Acceptance Corp. ("GMAC") for alleged violations of the ICFA (Counts III and V), ratification and acceptance of the benefits of illegal conduct (Count VIII), violation of the Illinois Sales Finance Agency Act (Count IX), wrongful repossession (Count XI), violation of the Commercial Code for Fraud (Count VI), and under a common law fraud theory (Count X).

The matter is now before this court on Yemm's motion, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss and/or strike, in part, plaintiffs' claims against it. For the reasons below, Yemm's motion is granted in part and denied in part.

33

## BACKGROUND

On August 4, 2000, plaintiffs purchased a 1996 Yukon SUV from defendant Yemm. The car was purchased for personal, family, or household purposes. It was financed through a retail installment contract with Yemm, which was subsequently assigned to defendant GMAC. Since that time, GMAC has repossessed the car.

Plaintiffs allege that during a discussion of financing on August 4, 2000, Yemm's finance and insurance agent made false statements to them, including that they could not find a better financing rate than through GMAC. Further, these statements were fraudulently made to benefit Yemm and GMAC, and were given to obtain a finance overage for Yemm to be split with GMAC. In addition, plaintiffs claim the vehicle they purchased had been in an undisclosed accident.

Plaintiffs also claim that they never received credit term disclosures, in writing, as required by the Truth in Lending Act, and that they relied on the non-disclosure of financing terms to their financial detriment in that they were deprived of their right to shop for better financial terms, terms that they claim were available from other financial institutions. Plaintiffs allege that it is the practice of Yemm to provide the required disclosures to consumers only after car purchases and financing contracts have been consummated. Also, they claim that they never received a Buyer's Guide or any other payment information from Yemm or GMAC.

## DISCUSSION

### Standard of Review

On a Rule 12(b)(6) motion to dismiss the court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiffs' favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). A claim will not be dismissed if

relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Truth in Lending Act (Counts I, II, and IV)

Under TILA and its implementing regulations, collectively referred to as Regulation Z, sellers in retail installment transactions are required to make certain disclosures to purchasers. In Counts I, II, and IV, plaintiffs, individually and as class representatives, allege that defendant Yemm violated TILA by failing to make required TILA disclosures in a timely manner, in writing, in a form they could keep. Yemm moves to dismiss plaintiffs' TILA claims on two different grounds: that plaintiffs have not alleged an actionable violation of the Act, and that even if the alleged violation is upheld for stating a claim, it should be dismissed for failure to offer recoverable relief.

Disclosures required under TILA must be "clearly and conspicuously in writing, in a form that the consumer may keep." 12 C.F.R. § 226.17(a)(1). Additionally, the disclosure must occur before the consummation of the transaction. 12 C.F.R. § 226.17(b). Plaintiffs offer persuasive caselaw arguing that these two requirements should be read together, requiring a seller to provide the writing in a form that the consumer may keep, before the consummation of the transaction. Polk v. Crown Auto, Inc., 221 F.3d 691 (4th Cir. 2000); Holley v. Gurnee Volkswagen & Oldsmobile, Inc., 2001 WL 243191 ( N.D.Ill. Jan. 4, 2001); Bruger v. Elmhurst KIA, 2001 WL 845472 (N.D.Ill. July 24, 2001); Crowe v. Joliet Dodge, 2001 WL 811655 (N.D.Illl. July 18, 2001).

In their complaint, plaintiffs state they never received the TILA disclosures in writing in a form they could keep. This allegation states a violation of 12 C.F.R. 226.17(a)(1) on its own, and we do not need to read the highlighted Regulation Z provisions together for the

claims to survive this motion to dismiss. We direct the parties to our recent decision, <u>Alma Diaz, etc., v. Joe Rizza Ford, Inc.</u> (slip op., 00 C 7082, Nov. 2, 2001), however, for further discussion of what we believe constitutes a TILA violation in executing a retail installment contract.

Yemm argues that even if valid claims are alleged, plaintiffs have not stated a claim upon which relief can be granted because statutory damages are not available for the alleged violation and plaintiffs have conceded that they suffered no actual damages. However, in their second amended complaint plaintiffs claim actual damages resulting from the alleged TILA violation. Yemm argues that that complaint contradicts statements in plaintiffs' previously filed complaint. We agree with plaintiffs that the claims in the current complaint are the claims to be considered in a 12(b)(6) motion. The actual damages alleged, the amount plaintiffs would have saved if they had obtained other financing, meet the minimal standard required.

Yemm also offers <u>Brown v. Payday Check Advances</u>, to support its contention that there are no statutory damages available for the TILA violation alleged. 202 F.3d 987 (7th Cir. 2000). Its argument is persuasive, but need not be decided at this time since plaintiffs have successfully alleged actual damages. Accordingly, the TILA claims in plaintiffs' second amended complaint sufficiently state a claim upon which relief can be granted. Yemm's motion to dismiss is denied as to Counts I, II, and IV.

<u>Illinois Credit Services Organization Act (Count VII)</u>

In Count VII, plaintiffs claim that Yemm violated the Credit Services Organizations Act by failing to provide sales documents that complied with the requirements of the Act. Yemm moves to dismiss this claim on the grounds that it is not a credit services organization as contemplated by the CSOA. Under the CSOA, a "credit services organization" is defined

as

> a person who, with respect to the extension of credit by others and in return for the payment of money or other valuable consideration, provides, or represents that the person can or will provide, any of the following services:
>
> (i) improving a buyer's credit record, history, or rating;
> (ii) obtaining an extension of credit for a buyer; or
> (iii) providing advice or assistance to a buyer with regard to either subsection (i) or (ii).

815 ILCS 605/3(d).

To answer the question of whether a car dealership is included in this definition, we look to how the Illinois courts have interpreted the statute.

A federal court must apply state law as if it were the highest court of the state providing the law. Stephan v. Rocky Mountain Chocolate Factory, Inc., 129 F.3d 414, 416-17 (7th Cir. 1997). The Illinois Supreme Court has not decided a case analogous to the present one (although a pending case should soon address this issue.) See Midstate Siding and Window Co., Inc. v. Rogers, 309 Ill.App.3d 610, 722 N.E.2d 1156, 243 Ill.Dec. 87 (3d Dist. 1999). As a result, we must do our best to predict what the Illinois Supreme Court would do in these circumstances, mindful that we are deciding under the minimal 12(b)(6) standard.

The courts of the Northern District of Illinois are divided as to how they have predicted the Illinois Supreme Court's response. We are most persuaded by Judge Hibbler's analysis in Crowe v. Joliet Dodge, which used caution in considering a motion to dismiss. 2001 WL 811655, *13 (N.D.Ill. July 18, 2001). Since the Illinois Supreme Court will soon weigh in on the question of whether a car dealership could be considered a credit services organization, we find it is prudent to allow this CSOA claim to go forward. Yemm's motion to dismiss the CSOA claim in Count VII is denied.

## Revocation and Rejection under the
## Illinois Commercial Code (Count VI)

In Count VI of their complaint plaintiffs claim that under section 2-721 of the Illinois Uniform Commercial Code they are entitled to reject or revoke their acceptance of the car in this transaction based on Yemm's alleged statutory violations plead throughout the complaint. Yemm responds, arguing that plaintiffs have improperly plead under that section since it provides for remedies rather than causes of action. We agree that section 2-721 provides remedies, not causes of action. A cause of action may arise, however, if these remedies are refused. Crowe v. Joliet Dodge, 2001 WL 811655, *9 (N.D.Ill. July 18, 2001) (finding "the dishonor of rejection or revocation creates a separate claim.").

In the complaint plaintiffs do allege that "Yemm Chevrolet and GMAC refused to honor Mr. and Mrs. Strohmaier's rightful rejection/revocation of acceptance..." (par.59(d)). Plaintiffs offer no other facts to support this allegation, such as the manner of the rejection or revocation or Yemm's response. While plaintiffs will eventually have to show that they made a timely and proper rejection or revocation, their allegation of Yemm's dishonor is enough to state a claim under the minimal 12(b)(6) standard. The motion to dismiss Count VI is denied.

## Illinois Consumer Fraud and Deceptive
## Business Practice Act (Counts III and V)

The Illinois Consumer Fraud and Deceptive Business Practices Act is a general statute which prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact,..." 815 ILCS 505/2. In Counts III and V, plaintiffs lay out multiple claims based on violations of the ICFA. Yemm moves to dismiss all of the ICFA claims against it on a variety of grounds. We now address these claims by category.

## TILA-Derivative Claims (Count III , Par. 41(a), and Count V, ¶ 59(a))

In Counts III and V, plaintiffs, individually and as class representatives, allege that the claimed TILA violation discussed above also constitutes a violation of section 2 of the ICFA (cplt. ¶¶ *41(a), 59(a))*. Yemm argues that plaintiffs should not be entitled to recover under the ICFA for a wrong that is already addressed by both TILA and MVRISA. To support its argument, Yemm asks that we extend a Seventh Circuit holding to the present case. In <u>Perez v. Z. Frank Oldsmobile, Inc.</u>, 223 F.3d 617, 624 (7th Cir. 2000), a plaintiff was limited to damages based on the Illinois odometer fraud statute and was not allowed to recover additional damages under a common law fraud claim based on the same facts.

We decline to extend the holding in <u>Perez</u> to the present case. The <u>Perez</u> decision concerns multiple remedies, not multiple claims. It is too early in the process to disallow plaintiffs to plead multiple claims based on the possibility of multiple recoveries. Without a bar against multiple pleadings, the TILA allegations are sufficient to state a claim under section 2 of the ICFA. <u>Brugger v. Elmhurst KIA</u>, 2001 WL 845472, * 1 (N.D.Ill.2001) *citing* <u>Long v. Wix Auto</u>, No. 00-5842, slip op. at 1 (N.D.Ill. 2001). The motion to dismiss the TILA-derivative ICFA claims is denied.

## MVRISA Derivative Claims(Count III, Pars. 41(b) and 41(c), and Count V, Pars. 59(b) and 59(c)

Also in Counts III and V, plaintiffs, individually and as class representatives, lay the groundwork for ICFA claims by alleging violations of the Illinois Motor Vehicle Retail Installment Sales Act (cplt. ¶¶ 41(b), 59(b) , 41(c), and 59(c)). Plaintiffs allege that Yemm has violated MVRISA multiple times in the past year in that same manner as the alleged TILA violation discussed above. They claim that the alleged MVRISA violations violate sections 2E and 2F of the ICFA. 815 ILCS 505/2E and 2F.

Yemm's first ground for dismissing the MVRISA-derivative claims against it is that, under Perez, plaintiffs should not be able to plead for multiple relief for the same alleged wrong. *See* Perez v. Z. Frank Oldsmobile, Inc., 223 F.3d 617 (7th Cir. 2000). For the reasons set forth in the preceding section, this argument fails.

Yemm next argues that the MVRISA-derivative claims are insufficient because plaintiffs have failed to properly allege the underlying MRVISA violation. Plaintiffs claim that the alleged TILA violations pleaded in Counts I, II and IV also constitute a MRVISA violation. Plaintiffs are incorrect when they argue that section 5 of MVRISA mandates compliance with TILA. Section 5 provides only that a retail installment contract that complies with TILA and its regulations will also be in compliance with MVRISA. 815 ILCS 375/5. Regardless, plaintiffs' claims do meet the minimal bar of stating a claim under the ICFA by alleging a MVRISA violation deriving from the same alleged wrongs laid out in the TILA claims. *See* Cemail v. Viking Dodge, Inc., 982 F.Supp. 1296, 1303 (N.D.Ill. 1997).

Yemm finally argues that the claims specifically arising under section 2E of the ICFA (cplt., ¶¶ 41(b) and 59(b)) should be dismissed for failing to properly allege that there are prior court determinations against Yemm. Section 2E of the ICFA is violated if the defendant "committed in any calendar year 3 or more violations, as determined in any civil or criminal proceeding, of the... 'Motor Vehicle Retail Installment Sales Act.'" 815 ILCS 505/2E. Yemm challenges plaintiffs' claims under section 2E of the ICFA because the plaintiffs made no allegations that there are court determinations of MVRISA violations against it. The court agrees. In order to claim that section 2E was violated, a plaintiff must at least allege that these holdings or convictions have already occurred.[1] Crowe v. Joliet Dodge, 2001 WL 811655, *6

---

[1] We note that this same logic could be applied to the ICFA claims derived from sec. 2F, but Yemm has not challenged the 2F derivative claims on this ground.

(N.D.Ill. 2001). Yemm's motion to dismiss the claims arising under Section 2E of the ICFA (cplt., ¶¶ 41(b) and 59(b) is granted. The claims in ¶¶ 41(c) and 59(c) survive the motion.

### Credit Services Organization Act
### Derivative Claims (Count V, Pars. 59(e) and 59(f))

Plaintiffs claim that the CSOA violation alleged in Count VII is also a violation of the ICFA (cplt., ¶¶ 59(e) and 59(f)). Yemm moves to dismiss these derivative claims under the same theory as presented against the claims in Count VII, namely that it is not a credit services organization as contemplated by the Illinois legislature. For the reasons discussed above, Yemm's motion to dismiss the CSOA-derivative claims is denied.

### Breach of Duty Claims (Count V, Pars. 59(n) and 59(o))

In pars. 59(n) and 59(o) of Count V, plaintiffs claim a violation of the ICFA based on alleged false statements of Yemm's financing agent, including assurances that he would try to find the lowest financing percentage rate available and that plaintiffs could not get anything better than the rate offered through defendant GMAC. Plaintiffs claim that in this transaction Yemm's financing agent breached its fiduciary duty to plaintiffs (cplt., ¶ 59(n). Plaintiffs also allege that Yemm acted as an undisclosed agent of GMAC, assigning the contract to them at a lower percentage rate and then splitting the difference in price with them (cplt. ¶ 59(o)).

In its motion to dismiss the claims in pars. 59(n) and 59(o), Yemm first argues that the complained-of conduct is specifically authorized by another statute, and as such cannot be a violation of the ICFA. Under the ICFA, "[a]ctions or transactions specifically authorized by laws administered by any regulatory body or officer acting under statutory authority of this State or the United States" are exempted from coverage. 815 ILCS 505/10b. Yemm cites the Motor Vehicles Sales Act, which provides that a seller need not disclose that it is assigning a

retail installment contract at a lower amount then the amount financed under the contract. 815 ILCS 375/5(16). Plaintiffs do not contest that there is no duty to volunteer this information to buyers, but argue that MVRISA does not authorize affirmative misrepresentations regarding financing options. We agree with plaintiffs that the alleged misrepresentations are not authorized by MVRISA, and are therefore not exempted from ICFA coverage.

The question remains whether Yemm's alleged misrepresentations created a duty to plaintiffs, and whether the failure to disclose its financing relationship with GMAC would constitute a breach of that duty giving rise to another ICFA claim. Yemm argues that there was no agency relationship between itself and plaintiffs that would give rise to a fiduciary duty to disclose the alleged financing arrangement between itself and GMAC. The Seventh Circuit has made clear that in most situations, including in arranging financing, a car dealer is not a buyer's agent and does not owe a duty to act in the buyer's best interest. Balderos v. City Chevrolet, 214 F.3d 849, 853 (2000). The court went on to state in Balderos, however, that the existence of an agency relationship is a question of fact. *Id.* If the alleged misrepresentations in this case gave rise to a duty to act in the plaintiffs' best interest, then Yemm's alleged undisclosed financing arrangement would state a claim under the ICFA. The plaintiffs should have an opportunity to establish that such a relationship existed, however difficult that task may be. Accordingly, the motion to dismiss the ICFA claims in pars. 59(n) and 59(o) is denied.

Miscellaneous ICFA Claims

In Count V, plaintiffs allege additional ICFA violations arising from various allegations of wrongdoing. In order to properly claim a violation of the ICFA, plaintiffs must allege that (1) Yemm engaged in a deceptive act or practice; (2) Yemm intended that plaintiff rely on the deception; (3) the deception occurred in the course of business; and 4) plaintiffs suffered actual

damage. 815 ILCS 505/2; 815 ILCS 505/10a(a). Plaintiffs must also allege that the deception proximately caused their injury. Connick v. Suzuki Motor Co., 174 Ill.2d 482, 501, 221 Ill.Dec. 389, 398, 675 N.E.2d 584, 593 (1996).

Yemm argues that the claims in pars. 59(d), 59(g), 59(h), 59(i), 59(j) and 59(k) should be dismissed for failure to allege the claims with the particularity required. Under Fed.R.Civ.P. 9(b), "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." An allegation of consumer fraud under the ICFA "must be plead with the same particularity and specificity as that required under common law fraud." Suzuki, 174 Ill.2d at 501, 675 N.E.2d at 593, 221 Ill.Dec. at 398.

Plaintiffs contend that they are not alleging consumer fraud in these contested ICFA claims, but rather unfair practices. They argue that unfairness claims brought under the ICFA do not fall under the fraud category and are not subject to Fed.R.Civ.P. 9(b). Plaintiffs are correct in stating that some claims that arise under the ICFA may not be fraud claims and may fall outside the scope of Rule 9(b). Gaddy v. Galarza Motor Sport L.T.D., 2000 WL 1364451, *4 (N.D.Ill. 2000); Nakajima All Co. Ltd. v. SL Ventures, 2001 WL 641415, *5 (N.D.Ill. June 4, 2001) (finding that the challenged ICFA claims in that case did sound in fraud, but that all ICFA claims may not). We must therefore examine each of the challenged claims to determine the nature of the claim and the applicable pleading requirement. For guidance, the court will follow the Illinois Supreme Court's definition of fraud: "Fraud includes anything calculated to deceive, whether it be a single act or combination of circumstances, whether the suppression of truth or the suggestion of what is false, whether it be by direct falsehood or by innuendo, by speech or by silence, by word of mouth or by look or gesture." Regenold v. The Baby Fold, Inc., 68 Ill.2d 419, 435, 12 Ill.Dec. 151, 369 N.E.2d 858 (1977), *quoting* People ex rel. Chicago Bar Ass'n v. Gilmore, 345 Ill. 28, 46, 177 N.E. 710 (1931).

In par. 59(d), plaintiffs claim that the alleged wrong described in Count VI, Yemm's refusal to honor their rejection or revocation of acceptance of the retail installment contract, also violates the ICFA. We believe this alleged wrong falls under the category of unfair business practice rather than fraud. Plaintiffs have met the pleading standard under Rule 12(b)(6) for this claim, and defendant's motion to dismiss the claims in par. 59(d) is denied.

In par. 59(g), plaintiffs claim that Yemm violated the ICFA by allegedly reporting them delinquent and causing false information to be included in their credit report. We find that this alleged activity sounds in fraud. While plaintiffs have alleged some facts to support their claim, they have not alleged when, by whom and to whom this information was reported. The pleadings do not pass the Rule 9(b) test, and Yemm's motion to dismiss the claim in par. 59(g) is granted.

In par. 59(h), plaintiffs allege that Yemm violated the ICFA when it did not provide them with the Buyer's Guide, as required by federal law. We find this claim is an unfair business practices claim. Plaintiffs have met their pleading burden under 12(b)(6) and Yemm's motion to dismiss the claim in 59(h) is denied.

In par. 59(i), plaintiffs claim that the car they got from Yemm had been in a prior accident and that Yemm's failure to disclose the prior accident was an unfair practice under the ICFA. We believe that plaintiffs are alleging a deceptive act that sounds in fraud. In this claim, however, we find that plaintiffs have met the 9(b) pleading burden. The who, what, where and when are adequately provided, and plaintiffs have alleged that Yemm knew or should have known of the prior accident based on specific examples of recent repair. Yemm's motion to dismiss the claim in 59(i) is denied.

In par. 59(j), plaintiffs claim Yemm sold them the car without providing purchase documents, and in par. 59(k) plaintiffs claim Yemm violated the Magnuson-Moss Act by

allegedly disclaiming any implied warranties. These allegations constitute unfair business practices rather than fraudulent acts. Plaintiffs have met the 12(b)(6) pleading standard, and Yemm's motion to dismiss the claims in 59(j) and 59(k) is denied.

Common Law Fraud (Count X)

In Count X, plaintiffs allege that in the course of financing discussions, an agent of Yemm made false statements to them. Yemm argues that plaintiffs' common law fraud claim should be dismissed for failure to meet the pleading requirements of Rule 9(b). Under Rule 9(b), "[i]n all averments of fraud or mistake the circumstances constituting the fraud or mistake shall be stated with particularity." The circumstances of an alleged wrongdoing include "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." Bankers Trust Co. v. Old World Republic Ins. Co., 959 F.2d 677, 683 (7th Cir. 1990). Particularity means the "who, what, when, where and how: the first paragraph of any newspaper story." DiLeo v. Ernst & Young, 901 F.2d 624, 628 (7th Cir. 1990).

Under Illinois law, the elements of common law fraud are "(1) a false statement of material fact; (2) defendant's knowledge that the statement was false; (3) defendant's intent that the statement induce the plaintiff to act; (4) plaintiff's reliance upon the truth of the statement; and (5) plaintiff's damages resulting from reliance on the statement." Connick v. Suzuki Moto Company, Ltd., 174 Ill.2d 482, 496, 675 N.E.2d 584, 591, 221 Ill.Dec. 389, 396 (7th Cir. 1996). Plaintiffs' complaint sufficiently alleges what false statements were made, who made them, where and when they were made, and to whom they were made. While not alleged specifically within Count X, plaintiffs' reliance on these statements and resulting damages are sufficiently claimed in other parts of the complaint. Plaintiffs' common law fraud claim meets the pleading requirements of Rule 9(b).

Defendant also argues that under <u>Perez</u>, plaintiffs should not be allowed to allege a common law fraud claim for an alleged wrong already addressed under other statutes. As discussed above, we decline to apply that holding to the present case. Plaintiffs are not barred from claiming relief under multiple theories.

Finally, Yemm argues that the conduct alleged in Count X, which references pars. 12, 59(n) and 59(o), is specifically authorized under MVRISA, as well as the Illinois Department of Financial Institutions, and fails to state a claim. For the reasons discussed above in regards to the ICFA claims in pars. 59(n) and 59(o), this argument fails. Accordingly, defendant's motion to dismiss the common law fraud claim against it is denied.

## CONCLUSION

For the reasons above, defendant Yemm's motion to dismiss plaintiffs' second amended complaint is granted in part, and the claims in par. 41(b) of Count III and pars. 59(b) and 59(g) of Count V are dismissed without prejudice. Yemm's motion to dismiss all other claims against it is denied.[2]

JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 6 , 2001.

---

[2] While we have denied virtually all of Yemm's motion to dismiss, we feel constrained to note that plaintiffs have filed a number of essentially duplicative claims, which have led to extensive briefing and a rather lengthy opinion. We suggest that far fewer claims could have been plead that adequately presented and protected plaintiffs' position, thus substantially reducing the burden upon the parties and the court. When many roads lead to Rome, it is not necessary to travel all of them.