# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1032 | **DATE** | 12/28/2001 |
| **CASE TITLE** | David & Julia Strohmaier vs. Yemm Chevrolet et al. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

## DOCKET ENTRY:

(1)   ☐   Filed motion of [ use listing in "Motion" box above.]

(2)   ☐   Brief in support of motion due _____.

(3)   ☐   Answer brief to motion due_____.  Reply to answer brief due_____.

(4)   ☐   Ruling/Hearing on _____ set for _____ at _____.

(5)   ☐   Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6)   ☐   Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7)   ☐   Trial[set for/re-set for] on _____ at _____.

(8)   ☐   [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9)   ☐   This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
       ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10)   ■   [Other docket entry]   Enter Memorandum Opinion and Order. We award attorneys' fees in the amount of $10,698.75.

(11)   ■   [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

number of notices

JAN - 3 2002

date docketed

docketing deputy initials   IS

WAH

courtroom deputy's initials

U.S. DISTRICT COURT

02 JAN -2 PM 3: 25

Date/time received in central Clerk's Office

date mailed notice

mailing deputy initials

Document Number

44

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID and JULIA STROHMAIER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 01 C 1032 |
| | ) | |
| YEMM CHEVROLET, and GENERAL | ) | |
| MOTORS ACCEPTANCE CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
JAN - 3 2002

## MEMORANDUM OPINION AND ORDER

Plaintiffs, in this consumer action, sued GMAC and their dealer, Yamm Chevrolet. It was filed as a class action. GMAC settled early in the case. The suit against the dealer involved numerous claims for substantially the same relief, which lead to extensive briefing of a motion to dismiss (which largely failed). Ultimately the dealer settled for return of a down-payment of $531 and reasonable attorneys' fees.

Plaintiffs claim $15,003.75 in attorneys' fees, $14,253.75 for 63.35 hours expended by Dmitry N. Feofanov and $775 for 2.5 hours expended by Sharmila Roy. They set Feofanov's rate at $225 per hour and Roy's at $300 per hour. Yemm Chevrolet contends that the hourly rates are excessive, that plaintiffs should not be compensated for 2.7 hours spent on class allegations, that 13.9 hours for five status calls are excessive, that it should not be required to compensate plaintiffs for 5.5 hours spent exclusively on claims against GMAC, that 6.9 hours spent amending the complaint are excessive, that plaintiffs should not be compensated for 14 hours spent responding to the motion to dismiss because the claims were duplicitous, and the fees should be reduced due to plaintiffs' very modest success. Thereafter defendant finally

44

furnished the time records of its own attorneys, which disclosed that those attorneys spent 80.8 hours on the case, but charged only $100 per hour. Finally, plaintiffs referred the court to a recent opinion by Judge Darrah awarding $225 per hour to Feofanov.

We think, as did Judge Darrah, that $225 per hour for Feofanov is a reasonable market rate. We award the same rate for Roy's time, partly because the $300 per hour rate is insufficiently supported and partly because we are unsure what she did during the 2.5 hours, although defendant does not question that aspect. We think, also, as did Judge Darrah, that the court time is excessive. An attorney would not have a paying client for long in a case of this limited exposure if he charged $225 per hour for an average of 2.8 hours at each status call, almost all of it expended in travel to and from Naperville. We think one hour per status call is reasonable. Like Judge Darrah, we do not think the limited time sent on class allegations, soon abandoned, should be deducted. They were, at least originally, part of the case. Like Judge Darrah, we think the time spent on amending the complaint is excessive. The $225 rate is in large part based upon counsel's experience in this field, with similar cases in the past. We scale that back to three hours. We do not believe plaintiffs are entitled to recover from the dealer for the time spent on the GMAC claims. Perhaps an inability to collect fees from GMAC raises questions about the economic feasibility of prosecuting such claims, but that is not a reason for transferring the burden to the dealer. We think the time spent responding to the motion to dismiss is compensable. Plaintiffs alleged too many claims, but defendant did not need to launch its largely unsuccessful attack upon them since it was highly improbable that no claims would survive. It gained virtually nothing by the attempt, and plaintiffs had to respond. Finally, the recovery was indeed modest, but that was always likely, and, if

defendant chose not to settle early, plaintiffs had to prosecute the litigation.

We award attorneys' fees in the amount of $10,698.75.

JAMES B. MORAN
Senior Judge, U. S. District Court

_Dec. 28_ , 2001.